IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMAL BOYD § | | |
| TDCJ #02050865 § | | |
| § | | |
| V. § | A-18-CA-033-LY | |
| § | | |
| OFFICER CHRISTOPHER SALACKI, § | | |
| POLICE CHIEF ART ACEVEDO, § | | |
| JUDGE BRENDA KENNEDY, and § | | |
| HECTOR DEL TORO § | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex on a bench warrant from the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is serving concurrent sentences of two and ten years' imprisonment for aggravated assault and unlawful possession of a firearm by a felon out of Travis County, Texas.

Plaintiff alleges Officer Salacki failed to notify him of his rights at the time of his arrest and Police Chief Art Acevedo questioned him and lied about the law before his rights were read.

Plaintiff further alleges Judge Brenda Kennedy denied him due process, a speedy trial and assistance of counsel. Finally, Plaintiff alleges his attorney failed to provide him with effective assistance of counsel and due process and provided him erroneous advice.

Plaintiff previously challenged his convictions in a federal application for habeas corpus relief in Cause No. A-16-CV-1081-SS (W.D. Tex.). The Court denied Plaintiff's application on August 15, 2017. Plaintiff's appeal of the Court's denial is currently pending. In this civil rights complaint, Plaintiff seeks "justice in the violations of [his] rights so that [he] may receive justice in [his] denied Habeaus [sic] Corpus relief."

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Judicial Immunity</u>

Judge Kennedy is entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within her jurisdiction. <u>Hale v. Harney</u>, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. <u>Mireless v. Waco</u>, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. See <u>Mitchell v. McBryde</u>, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. <u>Mireless</u>, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) (quoting <u>Mireless</u>, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Kennedy that were nonjudicial in nature nor does he show that she was acting in the clear absence of all jurisdiction. Accordingly, Judge Kennedy is protected by absolute immunity.

C. <u>State Actor</u>

Defendant Hector Del Toro is not a state actor. The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. An action which is essentially a tort claim for malpractice against

3

appointed counsel cannot be brought under §1983. See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972). Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826 (1986). Accordingly, Plaintiff's claims against Defendant Del Toro are frivolous.

D. Heck v. Humphrey

Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims are frivolous and should be dismissed without prejudice to refile once the conditions of Heck are met.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against Defendants Kennedy and Del Toro be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) and Plaintiff's remaining claims be dismissed without prejudice as frivolous pursuant to Heck.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 9th day of February, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE